*Marston, J.:
The deed of November 5, 1839, from Augustus H. Torrey and wife to Galen Holbrook, having, upon the 14th day of June, 1875, had the proper certificate of the clerk of Yates county, New York, attached thereto, any defects which ,pre *160 viously existed were thereby removed, and no further question could arise but that it had, in 1839, been executed according to the laws of the state of New York. It was, therefore, admissible in evidence upon the trial, as a perfect, valid instrustrument, ■ and with the other evidence in the case entitled plaintiff to recover, if the record of June 5,1846, was notice to subsequent purchasers, under the act of 1861. That act was entitled “An act to confirm deeds and instruments intended for the conveyance of real estate in certain cases.” And the fourth section thereof reads as follows: “4. No conveyance of land or instrument intendedto operate as such conveyance, made in good faith and upon a valuable consideration, whether heretofore made or hereafter to be made, shall be wholly void by reason of any defect in any statutory requisite in the sealing, signing, attestation, acknowledgement, or certificate of acknowledgement thereof; but the same, when not otherwise effectual to the purposes intended, may be allowed to operate as an agreement for a proper and lawful conveyance of the premises in question, and may he enforced specifically by suit in equity in any court of competent jurisdiction, subject to the rights of subsequent purchasers in good faith and for a valuable consideration; and when any such defective instrument has been or shall hereafter be recorded in the office of the register of deeds of the county in which such lands are situate, such record shall hereafter operate as legal notice of all the rights secured by such instrument.” — 2 Gomp. L., § 1$53.
There being no clerk’s certificate attached to this deed at the time it was first recorded in 1846, it is argued that the entire want of a certificate is not cured by this statute, while an imperfect certificate attached to the d eed would '*have been. We think this is somewhat too narrow a construction to put upon a remedial statute designed to cure defective instruments, and to cause the record thereof to operate as legal notice of all rights secured under such instrument, which as between the parties was valid and effectual to pass the title. That this deed was a “defective instrument,” within the meaning'of this statute, because of the want'of a clerk’s certificate, there can be no question. A deed may be'defective *161 in consequence of an entire want of a clerk’s certificate. In such case the deficiency causes the defect; or there may be a certificate attached, which is wanting in some essential, and here also the deed would be defective. The same may be said of the certificate of acknowledgement in this case. It was defective because the clerk’s certificate was not attached thereto. We think all such defects are clearly within the letter and spirit of this statute. It follows that the record of June, 1846, was notice of all the rights secured to the grantee in that instrument, and as such should have been received, and the jury so instructed. The subsequent or second conveyance made by Torrey, under which defendant claimed title, was made long after the passage of the act of 1861. Whether the defendant actually examined the record previous to his -purchase or not, was a matter of no consequence. As to him the record was constructive notice, and he was bound by what there appeared.
The judgment must be reversed, and a new trial ordered.
The other justices concurred.