PAPCIAK v. MORAWSKI.

EXCHANGE OF PROPERTY — RESCISSION — RETURN TO STATUS QUO
NECESSARY.
> In a suit for the rescission of a contract for exchange of
> property on the ground of fraud where it appeared that
> plaintiffs were unable to restore to defendants one piece
> of property received by them because they had permitted
> forfeiture thereof through neglect to make contract pay-
> ments, they were not entitled to rescission; substantial re-
> turn to the *status quo ante* being of the essence of the
> action.

Appeal from Wayne; Dunham (Major L.), J., presid-
ing.    Submitted April 13, 1928.    (Docket No. 144,
Calendar No. 33,438.)  ˙ Decided June 4, 1928.    Re-
hearing denied October 1, 1928.

Bill by Joseph Papciak and another against Frank
Morawski and others for the rescission of a contract
for the exchange of property on the ground of fraud.
From a decree for plaintiffs, defendants appeal.    Re-
versed, and bill dismissed.

*L. Charles Turek* (*Peter P. Boyle,* of counsel), for
plaintiffs.

*Harry J. Lippman,* for defendants.

FEAD, C. J.    This is a bill in chancery, filed June
5, 1926, for rescission of an exchange of property made
May 10, 1926.    Plaintiffs had decree.    Plaintiffs
traded a store on Canfield avenue in the city of De-
troit to defendants Morawski for two houses located
on Berry and Maywood avenues respectively.    Matecki
and Pewinski were the brokers who negotiated the
exchange.    Immediately after the execution of the in-

---

As to duty to place other party *in statu quo* as a condition pre-
cedent to rescission of contract for exchange of property, see
annotation in 30 L. R. A. 44; 6 R. C. L. 938; 2 R. C. L. Supp.
249.

struments, plaintiffs moved into the Berry premises and defendants Morawski into the Canfield store. The Maywood property was purchased on contract and the contract assigned to plaintiffs. Plaintiffs neglected to make the contract payments, as they covenanted to do, and in August, 1926, the vendor regained possession through summary proceedings. Plaintiff Papciak stated that he refused to make the payments because the property was "ruined," but he did not state the character of the ruin. He said:

"I would make these payments if it was not ruined as it was."

Plaintiffs seek rescission upon the ground of fraud.

It is not necessary to discuss the testimony in detail because plaintiffs cannot prevail in this action. Having permitted forfeiture of the contract on the Maywood premises, they are not in a position to restore to the defendants Morawski what they received from them. Substantial return to the *status quo ante* is of the essence of the action. *Merrill* v. *Wilson,* 66 Mich. 232; *Vernon* v. *Antona,* 222 Mich. 83; *May* v. *Otto,* 236 Mich. 540.

The decree is reversed, and one may be entered dismissing the bill, with costs to defendants.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.