LEMMON v. KENAS.

EXCHANGE OF PROPERTY—FRAUD—RESCISSION—PLAINTIFF UNABLE
TO RESTORE PROPERTY RECEIVED NOT ENTITLED TO RESCIND—
TRANSFER TO LAW SIDE.
    Where, in suit for rescission of contract for exchange of prop-
    erty on ground of fraud, of which there is ample evidence, it
    appears that plaintiff permitted forfeiture of equity in prop-
    erty conveyed to her, and therefore is in no position to rescind,
    rescission is denied, and case remanded, with direction to
    transfer to law side of court.

Appeal from Wayne; Smith (Guy E.), J., pre-
siding. Submitted April 10, 1929. (Docket No. 133,
Calendar No. 34,003.) Decided June 3, 1929.

Bill by Charlotte Lemmon against Margaret M.
Kenas, Edward Kunkle, and William C. Chase for
rescission of a contract for exchange of property on
ground of fraud. From a decree for plaintiff, de-
fendant Kunkle appeals. Reversed, and remanded
for transfer to law side of court.

*McIntyre & Robinson,* for plaintiff.

*Arlo A. Emery,* for defendant Kunkle.

POTTER, J. Plaintiff traded her summer cottage
on one of Oakland county's lakes for an equity in a
rooming house on Avery avenue in Detroit. She
filed a bill against defendants for rescission on the
ground of fraud, of which there was ample evidence.
The trial court refused rescission, but rendered a
joint and several decree for $10,000 against all of

the defendants, and decreed the cancellation of a boot-money note of $450 and a real estate commission note to defendants Kunkle and Chase of $500. Defendant Kunkle appeals.

After the transaction sought to be rescinded, plaintiff defaulted in the payment of the instalments due on the contract of purchase of the Avery avenue property and her equity therein was forfeited. Having permitted forfeiture of the equity in the Avery avenue property conveyed to her in consideration of her deed to defendants of the Oakland county property, and her $450 note, plaintiff cannot restore what she received from defendants, and therefore is not in a position to rescind. *Merrill* v. *Wilson,* 66 Mich. 232; *Galvin* v. *O'Brien,* 96 Mich. 483; *Vernon* v. *Antona,* 222 Mich. 83; *May* v. *Otto,* 236 Mich. 540; *Papciak* v. *Morawski,* 243 Mich. 157.

Rescission will be denied. Plaintiff's damages are recoverable at law. The decree will be reversed, with costs, and the cause remanded, with directions to transfer the same to the law side of the court for further proceedings.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.