AUGUSTYN *v.* ZAWACKI.

1. EXCHANGE OF PROPERTY—TENDER BACK NOT PREREQUISITE TO SUIT FOR RESCISSION.

   Plaintiff is not required to tender reconveyance of property conveyed to him before bringing suit for rescission and cancellation of contract for exchange of property on ground of fraud.

2. SAME—RESCISSION—RETURN TO STATUS QUO NECESSARY.

   Where, in suit for rescission and cancellation of contract for exchange of property on ground of fraud, it appears that plaintiff permitted a land contract assigned to him by defendant to be forfeited, and therefore cannot restore to defendant what he received, he is not entitled to rescission.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 15, 1930. (Docket No. 105, Calendar No. 34,407.) Decided March 7, 1930.

Bill by Ignacy Augustyn against Anna Zawacki and others to rescind a contract for exchange of real estate. From a decree for plaintiff, defendant Zawacki appeals. Reversed.

*Stanley B. Dombrowski* and *Wallace C. Hall,* for plaintiff.

*Barbour & Martin,* for defendant Zawacki.

CLARK, J.  Plaintiff conveyed by deed to defendant Anna Zawacki his interest in a piece of land in Detroit in exchange for transfer of her interest in two parcels, also in Detroit, one on Alexandrine avenue, the other on Carpenter avenue.  Mrs. Zawacki's interest in the Alexandrine property was under a land contract, seemingly as purchaser, although there is confusion in the record in this regard.  Her interest in the Carpenter property was as purchaser in a land contract and in turn as vendor in a second contract.  The evidence, such as it is, is uncontroverted that Mrs. Zawacki assigned to plaintiff both her vendor's and vendee's interests in the contracts covering the Carpenter property.

Plaintiff remained in possession of the land which he had conveyed, and, alleging fraud against the other defendants, agents who brought about the exchange, filed this bill for rescission and cancellation.

Plaintiff did nothing to protect the vendee's interest under the contracts assigned to him, and before trial the contracts were forfeited.  The validity of the forfeiture is not challenged.  Plaintiff had decree.  Defendants have appealed.

Plaintiff before suit did not tender reconveyance to Mrs. Zawacki of the interests which she had transferred to him, and for rescission and cancellation by

decree it was not required, as rescission here is not by act of the plaintiff, but decree of rescission and cancellation is prayed of the court.

Plaintiff, because of the forfeiture of the land contracts, cannot restore to defendants what he received. In a like case, *Papciak* v. *Morawski,* 243 Mich. 157, it was held that "Substantial return to the *status quo ante* is of the essence of the action," and rescission was denied.

Another case in point is *Lemmon* v. *Kenas,* 247 Mich. 378, where for the same reason rescission was denied. These cases cannot be distinguished from the case at bar.

Although there is respectable authority to the contrary (3 Black on Res. & Can. [2d Ed.] 618; *Henninger* v. *Heald,* 51 N. J. Eq. 74 [26 Atl. 449]), the rule in this State, it seems, is that rescission may not be decreed when the party seeking it cannot make restitution because he had permitted a land contract assigned to him to be forfeited, or because he had suffered foreclosure of a lien on property transferred to him. See cases cited, and *Vernon* v. *Antona,* 222 Mich. 83.

It is urged that as plaintiff kept possession of his land, a different holding is required here. But we see no distinction. Plaintiff in any event seeks cancellation of the instruments where the same considerations apply. 9 C. J. p. 1159.

Reversed. Cause remanded to circuit court, where plaintiff, if so advised, may have transfer to the law side. Costs to defendants.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.