MEZAK *v.* FOX.

1. EXCHANGE OF PROPERTY—RESCISSION—FRAUD.
   In suit for rescission of contract for exchange of property, holding of court below that fraud was established, *held*, justified by record.

2. SAME—TENDER IN BILL SUFFICIENT.
   Where plaintiffs in suit for rescission by court of contract for exchange of property on ground of fraud made full tender in their bill, no other tender was necessary.

3. SAME—LACHES—RETAINING POSSESSION AFTER SUIT FOR RESCISSION STARTED.

   Claim by defendants that plaintiffs in suit for rescission are guilty of laches because they retained possession of property received after starting suit and making tender is without merit, since it was upon them to stand to their tender, save property, and restore what of value they had received in case they prevailed.

4. SAME—DECREE FOR RESCISSION PROPERLY TOOK ACCOUNT OF DISBURSEMENTS, BENEFITS, ETC.

   In decreeing rescission of contract for exchange of property for fraud and to restore *status quo*, court properly took account of disbursement, benefits, and the like, as between parties.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 20, 1931. (Docket No. 20, Calendar No. 35,131.) Decided February 27, 1931.

Bill by Stephen Mezak and another against Jeremiah Grant Fox and another for rescission of contract for exchange of real and personal property. Decree for plaintiffs. Defendants appeal. Affirmed.

*Glenn R. Faling (Harry C. Howard,* of counsel), for plaintiffs.

*Clarence A. Bradford,* for defendants.

CLARK, J. On March 25, 1929, plaintiffs sold and conveyed to defendants certain pieces of real estate or their equities therein and certain personal property in exchange for other real estate and personal property conveyed and sold by defendants to plaintiffs.

The property so transferred to plaintiffs was, as described by appellants, "the water power grist and flour mill and business located at the hamlet of Howardsville, in the county of St. Joseph," together with all grains, furniture, tools, etc., in the mill.

Plaintiffs commenced operating the mill on March 29, 1929, or perhaps a little later, and filed this bill for rescission on the ground of fraud on May 21, 1929. Plaintiffs had decree. Defendants have appealed.

The allegations of fraud relate chiefly to representations of income of the business, and to state, condition, repair, and utility of the property. There is much testimony *pro* and *con* on the issue of fraud. To set it forth will profit no one. We think, as did the trial court, fraud clearly established.

Plaintiffs, in their bill for rescission, made full tender. No other tender was necessary in this suit in which rescission by the court is prayed. *Witte* v. *Hobolth,* 224 Mich. 286.

Defendants argue that plaintiffs are guilty of laches in holding possession of the mill after suit was started. Defendants did not accept tender. It was upon plaintiffs then to stand to their tender, to save the property, so that, if they prevailed in the suit and the court required equity at their hands, they might restore what of value they received in the transaction. The argument has no merit. 3 Black on Rescission and Cancellation (2d Ed.), § 625; *O'Neill* v. *Kunkle,* 244 Mich. 653; *Augustyn* v. *Zawacki,* 250 Mich. 218.

In decreeing rescission and to restore *status quo,* the court properly took account of disbursements, benefits, and the like as between the parties. 3 Black on Rescission and Cancellation (2d Ed.), § 634 *et seq.*

No other question calls for discussion.

Decree affirmed. Costs to plaintiffs. Cause remanded.

Butzel, C. J., and Wiest, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.