MADILL *v.* MICHIGAN NATIONAL BANK.

1. EQUITY—MAXIMS.
   He who seeks equity must do equity.

2. MORTGAGES—FORECLOSURE—CANCELLATION OF SHERIFF'S DEED—TECHNICAL IRREGULARITIES—DELAY.
   Delay by mortgagors until after expiration of period of redemption in seeking to cancel sheriff's deed upon foreclosure, because of mere technical irregularities, such as the signing of the decree by the trial judge while he was in another county of the State, was a sufficient basis for denying relief.

3. SAME—STATUTORY FORECLOSURES—SETTING ASIDE.
   Statutory foreclosures should not be set aside without some very good reasons therefor.

4. TAXATION—MORTGAGE TAX STATUTE—PURPOSE.
   The mortgage tax statute was enacted to secure revenue for the State and in no way affects the legal rights of the parties (1 Comp. Laws 1929, § 3640 *et seq.*).

5. SAME—MORTGAGE TAX—TEMPORARY EXEMPTION—REPEAL OF STATUTE.
   Mortgage, recorded without payment of tax because it contained a clause that a conditional commitment had been given by the Federal housing administration, which commitment was subsequently withdrawn after recording because of nonfulfilment of conditions therefor, was not unenforceable because mortgagee tendered payment of tax after statute requiring payment of the tax had been repealed (1 Comp. Laws 1929, § 3641 as amended; § 3647; Act No. 301, Pub. Acts 1939).

Appeal from Midland; Hart (Ray), J. Submitted April 9, 1942. (Docket No. 56, Calendar No. 41,814.) Decided June 10, 1942.

Bill by J. Dale Madill and others against Michigan National Bank for an accounting and injunction restraining them from dispossessing plaintiffs. Decree for defendants. Plaintiffs appeal. Affirmed.

*William Dexter Fales,* for plaintiff.

*Floyd T. Fuss,* for defendant.

BUSHNELL, J. On May 10, 1938, plaintiffs, J. Dale Madill, Irene Isabelle Madill, and Clara Day Madill, borrowed the sum of $11,200 from the Saginaw State Bank, whose successor is the Michigan National Bank, the defendant. As security for this loan plaintiffs executed a mortgage upon property in the city of Midland, which mortgage was recorded without payment of the mortgage

tax. The mortgage contained a statement that it was to be insured by the Federal housing administration, and, because of 3 Comp. Laws 1929, § 3641, as amended by Act No. 14, Pub. Acts 1935 (Stat. Ann. § 7.422), was not subject to the tax. A commitment had been given by the Federal housing administration, conditioned upon plaintiffs performing certain acts. These conditions were not fulfilled and the commitment was withdrawn after the mortgage had been recorded.

Plaintiffs made several payments on the mortgage, finally defaulted, and foreclosure was commenced by the mortgagee on November 27, 1939. Sale was had under the foreclosure and plaintiffs' equity of redemption expired on March 1, 1941. On March 7, 1941, plaintiffs filed a bill seeking cancellation of the sheriff's deed on the ground that, since the mortgage was recorded without the payment of the mortgage tax, the foreclosure was illegal, null and void.

After the mortgage was recorded, it was re-recorded on December 27, 1938, following the filling in of certain blank spaces pertaining to the dates of monthly payments which had been inadvertently omitted. On October 15, 1940, the mortgagee tendered to the register of deeds a check in the amount of $56 for payment of the mortgage tax. This check was returned by the register of deeds with a letter stating that the mortgage contained a clause reading as follows:

" 'This is to certify that application has been made under the terms of the national housing act to insure the note for which the mortgage has been given as security. This is for the purpose of recording this mortgage without the payment of the Michigan State mortgage tax, under the provisions of Act No. 14, Public Acts of 1935.' "

The register of deeds stated in this letter that he had no authority to accept payment because of the repeal of the mortgage tax law by the intangible tax law. (Act No. 91, Pub. Acts 1911, as amended [1 Comp. Laws 1929, § 3647 (Stat. Ann. § 7.428)], was repealed by the intangible tax law, Act No. 301, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3658–1 *et seq.*, Stat. Ann. 1941 Cum. Supp. § 7.556 *et seq.*, effective September 29, 1939], this being prior to the commencement of foreclosure.)

The trial judge held the mortgage foreclosure to be valid without the payment of the mortgage tax and denied plaintiffs relief. The court said:

"The court will not assist anyone who does not come into court with clean hands, and asking active aid of equity. In this case the plaintiffs have not paid the mortgage tax required in paragraph 8. They have not paid the real property taxes. They have not paid the insurance, nor have they paid any of the interest. They have not paid the principal payments, and neither have they offered to pay any part thereof as shown in this bill of complaint. All he seeks is that this court, using its power and authority in equity, set aside the foreclosure heretofore had. In addition, the plaintiffs came in to court admitting the foreclosure suit brought for the recovery of $700 and that at that time there was no offer to redeem.

"The plaintiffs not having lived up to any of the covenants, and not offering to comply with any of the covenants, cannot be said to have come into equity with clean hands, and therefore cannot ask that a court of equity actively use its equitable power to give to the plaintiffs that which they request and thereby place the defendant in a serious and inequitable disadvantage because of the conduct of the plaintiffs.  *  *  *

"To set aside a foreclosure the mortgagor must act promptly, and defendants seeking to set aside

a sale in a foreclosure case must move promptly after they become aware of the facts of which they complain.''

It is fundamental that he who seeks equity must do equity. And as said in *Windisch* v. *Mortgage Security Corporation of America,* 254 Mich. 492:

''We know of no authority which relaxes the rule that a plaintiff in equity must do equity.''

Plaintiffs' grounds for appeal are at best based upon mere technical irregularities, such as the signing of the decree by the trial judge while he was in another county of the State, and which were not even asserted until after the period of redemption had expired. Plaintiffs' delay in this respect is sufficient reason for denying them any relief. *Fox* v. *Jacobs,* 289 Mich. 619, 624. As was said in *Detroit Trust Co.* v. *Agozzinio,* 280 Mich. 402:

'' 'Statutory foreclosures should not be set aside without some very good reasons therefor.' *Markoff* v. *Tournier* (syllabus), 229 Mich. 571.''

The mortgage tax statute* was enacted to secure revenue for the State and in no way affects the legal rights of the parties. *Macdonald* v. *Betts,* 246 Mich. 585, and *Michigan Trust Co.* v. *Land Owners Association,* 288 Mich. 323. Since the statute requiring the payment of the mortgage tax has been repealed, under the circumstances disclosed in this record there can be no reason for holding this mortgage unenforceable.

The decree is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.

---

* See 1 Comp. Laws 1929, § 3640 *et seq.*—REPORTER.