GRIFFIN v. JOHNSON.

1. HUSBAND AND WIFE—TENANCY BY THE ENTIRETIES—DEATH OF
SPOUSE—SURVIVORSHIP.
   The surviving husband of couple owning property as tenants
   by the entireties succeeded to such rights as the wife may
   have had at the time of her death, hence, the wife was not
   a necessary party to suit commenced after her death, in which
   the property was involved.

2. DEDICATION—PUBLIC TRAVEL.
   Dedication of property for the purpose of a highway carries the
   right to public travel.

3. EQUITY—REMEDY—STATUTES.
   The creation of a nonexclusive statutory remedy does not bar a
   court of equity from applying an equitable remedy.

4. HIGHWAYS AND STREETS—ENCROACHMENTS—INTERFERENCE WITH
ACCESS.
   The fact that encroachments upon the public highway may be
   removed by public authorities does not prevent party to whose
   land the encroachments interfere with access from maintaining
   suit in equity to prevent such interference (CL 1948, § 247.171).

5. DEDICATION—EQUITY—JURISDICTION.
   Equity has jurisdiction to keep purchasers of 35-foot strip of
   land from preventing plaintiffs from having access to their
   adjoining property over such strip, where the purchasers had
   notice of vendor's previous commitment of use of 35-foot strip
   of land between street and water's edge alongside of plaintiffs'
   property to other lot owners in the supervisor's plat, and such
   plat from which the owner sold many lots contained a dedi-
   cation of the strip as a public street.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Husband and Wife § 82.
[2] 16 Am Jur, Dedication § 6.
[3] 19 Am Jur, Equity § 100 et seq.
[4, 5] 19 Am Jur, Equity § 146.
[6] 19 Am Jur, Equity § 450.

6. EQUITY—FUNCTION OF COURT OF EQUITY.

    The function of courts of equity is to do justice, not injustice, and it is not to be made an instrument of wrong.

    Appeal from Mackinac; Black (Eugene F.), J., presiding. Submitted January 11, 1956. (Docket No. 80, Calendar No. 46,573.) Decided April 2, 1956.

    Bill by Earl Griffin and Eva L. Griffin against George W. Johnson and Mary Johnson, and Richard P. White, grantor, to enjoin interference with right to use public street. Decree for plaintiffs. Defendants appeal. Affirmed.

    *Adams & Fenlon,* for plaintiffs.

    *McNamara & McNamara* (*Edward G. McNamara, Jr.,* of counsel), for defendants.

    BOYLES, J. This case involves a question as to the right of the plaintiffs to use for access to their property a certain strip of land in the village of Cedarville in Mackinac county, which they claim is a public street in said village. Plaintiffs filed a bill of complaint in the circuit court for said county to enjoin the defendants from claiming said street and preventing its use by said plaintiffs. The circuit judge who heard the case, after taking testimony filed a comprehensive opinion reviewing the facts, and concluded that the strip of land in question was a public way dedicated to the public, and that the plaintiffs had the right to its use for access to their adjoining property. A decree was entered accordingly, enjoining the defendants from occupying or using said strip of land, except as a public way, and from interfering with its use by the plaintiffs. Defendants appeal.

    Appellants challenge the conclusions of the trial court and the corresponding provisions in the decree

by asserting insufficiencies and irregularities in the proceedings whereby the land in question was platted and subsequently conveyed, and on those grounds appellants deny the right of the plaintiffs to the use of said public way. Appellants rely upon a claim of illegalities in said proceedings.

Defendant Richard P. White and his now deceased wife at one time owned title in fee to all of the involved real estate. In 1944 White and wife conveyed to plaintiffs the premises later known as lot 1, block 2, of the plat, which extended to the waters of Lake Huron. White told plaintiffs at that time that there was, or would be, a roadway adjacent to said lot on the west side, extending south to the lake. In 1946 White and wife conveyed to plaintiffs the premises now known as lot 2, block 2, of said plat. A few months later White and wife conveyed to another purchaser what is known now as lot 8, block 1, of the plat. Said lot 8, like the aforesaid lot 1, fronts south on Lake Huron. Lot 8 forms the easterly boundary of block 1, and lots 1 and 2 constitute block 2. The 35-foot strip which is the subject of this suit divides blocks 1 and 2. It likewise extends south to Lake Huron. Block 2 is on the east side of the strip, and block 1 is on the west side. Said deeds from White and wife were given before the plat, later mentioned herein, and therefore descriptions by metes and bounds were used in said deeds.

In 1948 Mr. White engaged a registered surveyor to prepare a plat of his property, including the parcels previously sold by metes and bounds. The plat was entitled, "Supervisor's Plat of White's First Addition to the Village of Cedarville," and was recorded in the county register of deeds' office. The plat was first planned to be entitled, "R. P. White's First Addition to Cedarville." However, White having already sold the several hereinbefore-

mentioned parcels which it was necessary to include in the plat, and wherefore it became necessary for White to secure the signatures of all said owners (which he did), the plat was prepared and submitted to the proper authorities as a so-called assessor's plat. The supervisor of the township gave his approval to the proposal that the plat be made and submitted in assessor's form and the plat was finally approved by all authorities in 1949 and thereupon recorded. Appellants make a point of the fact that it was not executed by Mrs. White. However, it was duly attested by all the officials required in the case of an assessor's plat, although it does not contain the certificate required by paragraph 52 of the plat act (CL 1948, § 560.52 [Stat Ann § 26.482]).

Mr. White and his surveyor originally planned the plat as a so-called proprietor's plat. The layout thereof as then planned was, so far as lot, block and public way designations are concerned, the same as the plat which was finally approved and recorded, excepting only that the strip in question was contemplated of 50-foot width instead of the final 35-foot width. The width reduction to 35 feet was necessitated by the previous conveyances hereinbefore mentioned.

After the plat was recorded, Mr. and Mrs. White sold specific lots of the plat by due reference thereto and, following Mrs. White's death in late 1951, Mr. White, as survivor, continued so to do. The record shows that when Mr. White sold a lot he represented to the purchasers that they would have access to the waterfront over the strip here involved. White's testimony confirms that. He testified that in each instance he told the purchasers they would have access to the lake over said strip, although it might depend on acceptance of the strip as a public way by county authorities. The concrete boundary corners conforming to the surveyor's certificate of the

strip correctly appear on the plat and show said strip to be delineated as a public way. On the plat the strip is a narrower extension of Short street which extends straight south and to Lake Huron. The intent of the surveyor and of all the statutory attesting officers, to designate and dedicate the strip as a public way, is evident on the face of the plat.

In September, 1952, Mr. and Mrs. Johnson (defendants-appellants) purchased an upland lot 3, block 4, of the plat from one Osterlund, who had previously acquired it from Mr. and Mrs. White. This lot was farther north on Short street, from the lots owned by the plaintiffs. The circuit judge in his opinion states that Osterlund testified that when he sold said lot 3 to the Johnsons, he informed Mr. Johnson he had the right to use the 35-foot strip for access to the water. The trial court, seeing and hearing all the witnesses, accepted Osterlund's testimony as true.

In November, 1952, Mr. and Mrs. Johnson obtained a deed from White to the 35-foot strip in question. Mr. Johnson thereupon took possession of the strip, graveled it, constructed a barbed-wire fence along the plaintiffs' side of the strip and negotiated with a contractor for construction of a dock on and across the waterfront end of the strip. Although the contractor warned him not to build the dock because the strip was a public way, that did not deter Mr. Johnson. He had another contractor build the dock.

Plaintiffs filed the instant bill of complaint to restrain the Johnsons from preventing their use of the strip in question and this litigation followed. The trial court stated the issue to be as follows:

"Is the strip as between the parties and as claimed by plaintiffs a public way, or, as claimed by defendants, is it their own private property by virtue of conveyance from White?"

If, as claimed by plaintiffs, it is a public way, they may use it, and restrain the defendants-appellants from interfering with such use. The trial court filed a comprehensive opinion discussing the evidence and his conclusions of the law, in which the court said:

"The plaintiffs have presented a case fully justifying relief as against a person or persons defending in the place and stead of Mr. White, and just as positively should be denied relief on the same showing as against a person or persons defending the position of bona fide purchaser without notice. This is the decisive issue in the case, and it must on the facts be resolved against Mr. and Mrs. Johnson.

"Mr. and Mrs. Johnson bought the strip from Mr. White solely on the strength of his representations and deed covenants. * * * They did not even insist that they receive an abstract. The agreed consideration ($350) was thought too insignificant for the taking of such realty-purchase precautions, and the money was exchanged for a warranty deed from Mr. White within 48 hours after negotiations were opened. As recent purchasers of a Short street lot of the plat from their first grantor, Mr. Osterlund, the Johnsons had been placed on notice that the strip was claimed to be an access way to the waterfront for upland lot owners of the plat. This notice resulted in due inquiry by Johnson, of White, as to status of the strip. White's answer was that the strip was owned by him and that he was prepared to sell it by warranty deed. That was the end of inquiry by defendants, and it was and is insufficient. * * * (*Barnard* v. *Campau,* 29 Mich 162; *Healey* v. *Worth,* 35 Mich 166.) * * *

"The defendants in these circumstances must be regarded as mere assignees of White, possessed only of the defenses White would be entitled to present had he refrained from conveying the strip and had thereupon invited plaintiff to battle in chancery by

constructing the fence and dock," citing 2 Pomeroy's Equity Jurisprudence (5th ed), pp 601, 602.

The trial court further concluded that Mr. White, as tenant by the entirety with his wife, succeeded to her rights in the strip in question, if she ever had any, upon her death, and that she was not a necessary party to later action. We agree.

In their original plat, recorded in the office of the register of deeds, whereby they gave notice of its streets, the strip of land in question was dedicated by the owners as a public street.

"The dedication of property for the purpose of a highway carries the right to public travel." *Village of Grosse Pointe Shores* v. *Ayres*, 254 Mich 58, 64.

See, also, *Kirchen* v. *Remenga*, 291 Mich 94; *Richey* v. *Shephard*, 333 Mich 365, 371.

In this Court appellants contend that the plaintiffs had an adequate remedy at law; and at the same time contend that only the public authorities could bring an action at law to remove encroachments on public highways.* Under the circumstances shown, equity has jurisdiction.

"A court of equity should not be barred from applying its remedy merely because of the creation of a nonexclusive statutory remedy." *Lau* v. *Stack*, 269 Mich 396, 403.

See, also, *Powers* v. *Fisher*, 279 Mich 442.

We have considered other questions argued by appellants wherein they rely on various grounds for nullifying the plat and avoiding any right of the plaintiffs to use the strip of land for access to their property. Nothing would be gained here by discussing them separately. The ultimate question here is whether any or all of them must lead to the

---

* CL 1948, § 247.171 (Stat Ann § 9.251).

conclusion that the plaintiffs have no right to use said land.

The appellants do not have the right to fence off the strip of land in question and prevent its use by the plaintiffs for access to their property.

"A court of equity is not to be made an instrument of wrong." *Miller* v. *Cornwell,* 71 Mich 270, 274.

"To do so, a court of equity is made an instrument of wrong, which should not be done." *Cohen* v. *Home Life Ins. Co.,* 273 Mich 469, 488.

"The function of courts of equity is to do justice, not injustice." *Fox* v. *Jacobs,* 289 Mich 619, 623.

Affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, REID, KELLY, and CARR, JJ., concurred.

BLACK, J., did not sit.