INTERSTATE AUTOMATIC TRANSMISSION COMPANY, INC v
HARVEY

Docket No. 67562. Submitted March 6, 1984, at Lansing.—Decided
May 14, 1984. Leave to appeal applied for.

  Plaintiff, Interstate Auto Transmission Company, Inc., is a na-
  tional corporation which franchises local businesses to operate
  automobile transmission repair facilities. Interstate is required
  to register with the Michigan Department of Commerce, Corpo-
  ration and Securities Division, in order to sell its franchises in
  this state. Interstate has registered and filed the requisite
  offering circular and prospectus in connection therewith. Inter-
  state sold a franchise to Aaron Reavis, who successfully oper-
  ated the business for several years. Reavis then resold the
  business to defendants, Charles C. Harvey and Michael F.
  Leidi. By separate contract and for consideration of $2,500,
  Interstate undertook to act as broker for Reavis in the selling
  of the franchise and preparation of all legal documents in
  connection therewith and by the terms of the original franchise
  had the right to approve or disapprove any transfer. Harvey
  and Leidi operated the franchise for several years before re-
  scinding the purchase contract with Reavis upon negotiated
  terms for failure to follow the procedures prescribed in the
  Franchise Investment Law for sales of franchises. Plaintiff
  brought an action in the Ingham Circuit Court against defen-
  dants for unpaid franchise fees owed it by defendants. Defen-
  dants counterclaimed for the return of franchise fees paid to
  plaintiff and for rescission of the franchise agreement. Defen-
  dants moved for partial summary judgment, seeking a determi-
  nation of liability for violation of the Franchise Investment
  Law. The court, James T. Kallman, J., denied the motion,
  finding that plaintiff was not liable under the act. Defendants
  appealed by leave granted. *Held:*

    It was undisputed that the procedures under the Franchise

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 298.
  36 Am Jur 2d, Franchises §§ 6, 7.
[2, 4] 17 Am Jur 2d, Contracts § 512.
[3] 77 Am Jur 2d, Vendor and Purchaser § 542.

Investment Law were not complied with. Plaintiff is liable under the Franchise Investment Law.

Reversed and remanded.

1. FRANCHISES — FRANCHISE INVESTMENT LAW.

A person who directly or indirectly controls a person liable under the Franchise Investment Law is also liable jointly and severally with and to the same extent as the person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist. (MCL 445.1532; MSA 19.854[32]).

2. CONTRACTS — RESCISSION.

Generally, rescission requires the restoration of the *status quo ante.*

3. SALES — RESCISSION — CONTRACTS.

Contracts for the sale of property may be rescinded where the property, per se, cannot be returned if the value of the property can be determined.

4. FRANCHISES — RESCISSION — CONTRACTS.

The grantor of a franchise is entitled to recover the value of benefits conferred upon the buyer of a franchise where the buyer enjoys the benefits of the franchise agreement and then rescinds the purchase contract.

*Edward M. Miller,* for plaintiff.

*McGinty, Brown, Jakubiak, Frankland & Hitch, P.C.* (by *Thomas M. Hitch),* for defendants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edwin M. Bladen,* Assistant Attorney General, for amicus curiae, State of Michigan.

Before: CYNAR, P.J., and R. B. BURNS and R. L. TAHVONEN,* JJ.

R. B. BURNS, J. Defendants appeal by leave

* Circuit judge, sitting on the Court of Appeals by assignment.

granted an order of the Ingham County Circuit Court denying the defendants' motion for partial summary judgment as to whether plaintiff violated § 16 of the Franchise Investment Law, MCL 445.1516; MSA 19.854(16), entitling defendants to rescission or damages.

Plaintiff, Interstate Auto Transmission Company, Inc., is a national corporation which franchises local businesses to operate automobile transmission repair facilities. Interstate is required to register with the Michigan Department of Commerce, Corporation and Securities Division, in order to sell its franchises in this state. Interstate has registered and filed the requisite offering circular and prospectus in connection therewith.

Interstate sold a franchise to Aaron Reavis, who successfully operated the business for several years. Reavis then resold the business to defendants, Harvey and Leidi. At the time of sale, Leidi was employed in Reavis's shop and Harvey was a mechanic and businessman with substantial experience in the automobile transmission repair business.

Section 16 of the Michigan Franchise Investment Law and Department of Commerce rules promulgated thereunder, 1979 AC, R 445.405, required Reavis to deliver to Harvey and Leidi, prior to sale, a copy of Interstate's current prospectus. For purposes of this appeal at least, there is no issue of fact that Reavis did not deliver a copy of the prospectus. In related litigation, Reavis refunded to Harvey and Leidi their entire downpayment in exchange for reconveyance to him of the franchise.

This suit by Interstate was originally brought to recover more than $17,000 in unpaid royalties. Defendants have interposed the defense of illegal-

ity in the franchise transfer process. In this connection, it should be noted, by separate contract and for consideration of $2,500, Interstate undertook to act as broker for Reavis in the selling of the franchise and preparation of all legal documents in connection therewith and by the terms of the original franchise had the right to approve or disapprove any transfer. Interstate in fact undertook an investigation of the prospective purchasers before placing its imprimatur on the sale.

Section 16 of the Franchise Investment Law states:

"A franchise which is subject to registration under this act shall not be sold without first providing to the prospective franchisee, at least 1 week prior to the execution by the prospective franchisee of any binding franchise or other agreement or at least 1 week prior to the receipt of any consideration, whichever occurs first, a copy of the prospectus, together with a copy of all proposed agreements relating to the sale of the franchise." MCL 445.1516; MSA 19.854(16).

The trial court held that, since Reavis, the franchisee, was the seller, the resulting § 16 obligations were his exclusive responsibility, and therefore Interstate had no responsibility in the premises.

Section 32 of the Franchise Investment Law provides:

"A person who directly or indirectly controls a person liable under this act * * * is also liable jointly and severally with and to the same extent as the person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist." MCL 445.1532; MSA 19.854(32).

Section 31(1) provides:

"(1) A person who offers or sells a franchise in violation of sections 5(1), 6, or 16 is liable to the person purchasing the franchise for damages or rescission, with interest at 6% per year from the date of purchase and reasonable attorney fees and court costs." MCL 445.1531(1); MSA 19.854(31)(1).

Section 32 imposed the responsibility on Interstate to ensure delivery of the prospectus.

Since Harvey and Leidi have shown a violation of § 16, they are entitled to rescind the franchise agreement. This is true even though they previously entered into a settlement with Aaron Reavis which included the return of the business and the refunding of the downpayment. Section 31(2) prohibits the maintenance of an action for rescission or damages where there has been a settlement offer to refund the consideration paid for the franchise.

In the instant case, however, there has been no offer of settlement in regard to Harvey and Leidi's debts under the franchise agreement entered into by Harvey and Leidi and Interstate. The settlement agreement executed by Harvey and Leidi and Aaron Reavis requires in ¶ 1 the return of the $11,675.82 downpayment to Harvey and Leidi. Paragraph 6 requires Harvey and Leidi to return all stock certificates in the "R-Jac Corporation", the assets of the "Chu-Mick Corporation", and Harvey and Leidi's interest in the franchise issued by Interstate Automatic Transmission. The agreement does not, however, absolve Harvey and Leidi of debts incurred under the franchise agreement. Therefore, the agreement between Harvey and Leidi and Interstate has not been rescinded.

In the event that Harvey and Leidi choose to rescind the franchise agreement, they should be

required to return the benefits conferred under that agreement. Generally, rescission requires the restoration of the *status quo ante. Papciak v Morawski,* 243 Mich 157; 219 NW 601 (1928). Where the property, per se, cannot be returned but the value thereof is capable of ascertainment, rescission may still be had. *Szarkowski v Pfister,* 262 Mich 226; 247 NW 163 (1933). The Legislature's intention to follow this general rule in the Franchise Investment Law is evidenced by the requirement under § 31(2) that, in approving a rescission offer, the department may consider an equitable offer recognizing "depreciation, amortization, and other factors which bear upon the value of the franchise being returned to the franchisor". MCL 445.1531(2); MSA 19.854(31)(2).

Interstate claims that Harvey and Leidi took full advantage of the benefits conferred under the agreement by using, for two years, the Interstate trademark and by attending training sessions, etc. To the extent that Interstate is able to prove these assertions at trial, it is entitled to the return of the value of these benefits.

In summation, since Interstate controlled the assignment of the franchise agreement to Harvey and Leidi, it was required under § 16 of the Franchise Investment Law to supply Harvey and Leidi with a franchise prospectus. Since Interstate failed to ensure that Harvey and Leidi were supplied with a prospectus, the trial court erred in determining that Interstate could not be held liable for a violation of this requirement. Moreover, Harvey and Leidi are entitled to damages or rescission of the franchise agreement based on Interstate's failure to supply a prospectus.

Reversed and remanded.