REED v MICHIGAN METRO GIRL SCOUT COUNCIL

Docket No. 139537. Submitted March 3, 1993, at Detroit. Decided
April 14, 1993; approved for publication July 21, 1993, at 9:00
A.M.

Gregory J. Reed and others brought an action in the Wayne
Circuit Court against Michigan Metro Girl Scout Council and
Penelope Bailer, the council's executive director and chief
executive officer, after the council rejected the plaintiffs' offer
to purchase a camp owned by the council. The plaintiffs alleged
tortious interference with economic relations by Bailer, defama-
tion by both defendants concerning statements about Reed,
negligence by both defendants, and racial discrimination by
Bailer in violation of the Civil Rights Act. The court, William
Leo Cahalan, J., summarily dismissed all claims except the civil
rights claim against Bailer. The plaintiffs appealed, and Bailer
cross appealed the denial of summary disposition of the civil
rights claim.

The Court of Appeals *held:*

1. The trial court properly dismissed the claim of tortious
interference with economic relations. Bailer, as an agent of the
council, was not a third party against whom tortious interfer-
ence in the relationship between the plaintiffs and the council
can be established. Also, a corporate agent, such as Bailer, who
does not act for personal benefit without benefit to the corpora-
tion may not be held liable for tortious interference with the
corporation's contractual or business relationship.

2. The trial court correctly dismissed the claim of defama-
tion. The defendants conceded that the statements about Reed
were subject to a qualified privilege.

3. The trial court did not err in dismissing the claim of
negligence in view of the plaintiffs' failure to cite authority for
the proposition that a seller of realty must adhere to a stan-
dard of ordinary care in deciding to whom the property is sold

REFERENCES

. Am Jur 2d, Civil Rights §§ 249, 250; Interference §§ 1, 54.
Liability of corporate director, officer, or employee for tortious
interference with corporation's contract with another. 72 ALR4th
492.

and that a seller is liable for negligence for a breach of that standard.

4. The trial court properly refused to dismiss the civil rights claim. A factual question exists regarding whether Bailer can be considered a person "engaging" in a real estate transaction who, under the Civil Rights Act, may not refuse to sell to, or otherwise discriminate against, a purchaser on the basis of race.

Affirmed.

1. TORTS — INTERFERENCE WITH CONTRACTS.

A plaintiff must establish a breach of contract caused by the defendant and that the defendant was a third party to the contract or business relationship in order to maintain a cause of action for tortious interference with a contract.

2. TORTS — INTERFERENCE WITH CONTRACTS — CORPORATE AGENTS.

A corporate agent is not liable for tortious interference with the corporation's contracts unless the agent acted solely for personal benefit with no benefit to the corporation.

3. CIVIL RIGHTS — REAL ESTATE TRANSACTIONS — CORPORATE OFFICERS.

With respect to an officer of a corporation selling its own realty, the provision of the Civil Rights Act that prohibits a person from refusing to engage in a real estate transaction with another on the basis of religion, race, color, national origin, age, sex, or marital status is not restricted in application to those with an ownership interest in the property or actual authority to approve a sale (MCL 37.2502[1]; MSA 3.548[502] [1]).

*Edwards & Jennings, P.C.* (by *Carl R. Edwards*), for the plaintiffs.

*Hill Lewis* (by *Kevin S. Hendrick, Donna R. Milhouse,* and *Margaret C. Alli*), for the defendants.

Before: CAVANAGH, P.J., and GRIFFIN and JANSEN, JJ.

PER CURIAM. Plaintiffs appeal as of right a circuit court order of partial summary disposition in

favor of defendants. Defendant, Penelope Bailer, cross appeals the circuit court's failure to grant summary disposition in her favor with regard to count four of plaintiffs' complaint, which charges Bailer with racial discrimination in violation of the Civil Rights Act. MCL 37.2101 *et seq.*; MSA 3.548(101). We affirm.

This appeal involves a bitter dispute arising from the sale of a girl scout camp. Plaintiffs are a group of southeast Michigan businessmen who in the spring of 1989 unsuccessfully attempted to purchase a girl scout camp known as Camp Holly. Defendant Michigan Metro Girl Scout Council owned the camp, and defendant Penelope Bailer is the council's executive director and chief executive officer.

Although the allegations in this case are extensive, the essence of plaintiffs' lawsuit is simple. Plaintiffs contend that Camp Holly would have been sold to them as the highest bidder were it not for the fact that defendant Bailer allegedly made various false and derogatory statements to the council's finance committee regarding plaintiff Gregory J. Reed. According to plaintiffs, Bailer wrongfully characterized Reed as a "flake" and an "unethical attorney" who was "difficult to work with." Plaintiffs further contend that Bailer falsely represented that Reed was acting as an agent for Detroit Mayor Coleman Young, who intended to transform Camp Holly into a "boot camp" for inner-city black youths. Finally, plaintiffs allege that these and various other defamatory comments by Bailer indicate that race was improperly made a factor in the council's ultimate decision not to sell Camp Holly to plaintiffs.

For their first argument on appeal, plaintiffs contend that the circuit court erred in dismissing their claim of tortious interference with economic

relations. We disagree. To maintain a cause of action for tortious interference, the plaintiffs must establish that the defendant was a "third party" to the contract or business relationship. *Dzierwa v Michigan Oil Co,* 152 Mich App 281, 287; 393 NW2d 610 (1986). As noted above, defendant Bailer is the executive director and chief executive officer of the Michigan Metro Girl Scout Council. It is now settled law that corporate agents are not liable for tortious interference with the corporation's contracts unless they acted solely for their own benefit with no benefit to the corporation. *Bradley v Philip Morris, Inc,* 194 Mich App 44, 50-51; 486 NW2d 48 (1992); *Feaheny v Caldwell,* 175 Mich App 291, 305-306; 437 NW2d 358 (1989). Here, plaintiffs have not shown that Bailer was acting strictly for her own personal benefit when she allegedly persuaded the council not to sell Camp Holly to plaintiffs. Although plaintiffs allege that Bailer personally disliked Reed and was out to "punish" him, these allegations stem from a prior real estate transaction in which Reed ultimately sued the council. Bailer's motives therefore cannot be said to be strictly personal, and defendants were properly awarded summary disposition of count one of plaintiffs' complaint.

For their second issue, plaintiffs contend that the trial court erred in granting summary disposition to defendants with regard to plaintiffs' claim of defamation. We disagree. We agree with defendants that the statements at issue were subject to a qualified privilege, see *Hollowell v Career Decisions, Inc,* 100 Mich App, 561, 575-576; 298 NW2d 915 (1980), and plaintiffs appear to concede as much in their brief. Furthermore, we reject plaintiffs' apparent contention that the statements themselves give rise to an inference of actual malice sufficient to abrogate the privilege. General

allegations that privileged statements were false and malicious are not sufficient to create a genuine issue of material fact with respect to the issue of actual malice. *Prysak v RL Polk Co,* 193 Mich App 1, 14-15; 483 NW2d 629 (1992); *Gonyea v Motor Parts Federal Credit Union,* 192 Mich App 74, 79-80; 480 NW2d 297 (1991). Accordingly, the circuit court did not err in dismissing count two of plaintiffs' complaint.

For their third and final issue, plaintiffs argue that the trial court erred in dismissing their claim of negligence. We disagree. There is no quarreling with plaintiffs' observation that "negligence is a legally recognized cause of action in Michigan." However, it is well settled that in the absence of a legal duty there is no actionable negligence. *Balcer v Forbes,* 188 Mich App 509, 512; 470 NW2d 453 (1991). Only if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject the defendant to liability for negligent conduct. *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981). Here, plaintiffs cite no authority, and we are aware of none, that holds that a private seller of real property must adhere to a standard of ordinary care in deciding to whom the property will be sold. We find no error in the dismissal of count three of plaintiffs' complaint.

We turn now to the sole issue raised by defendant Bailer on cross appeal. She contends that she is entitled to summary disposition of count four of plaintiffs' complaint, which charges her with racial discrimination. We disagree.

At issue is § 502 of the Civil Rights Act. MCL 37.2502; MSA 3.548(502) provides in relevant part as follows:

(1) A person engaging in a real estate transaction, or a real estate broker or salesman, shall not

on the basis of religion, race, color, national origin, age, sex, or marital status of a person or a person residing with that person:

(a) Refuse to engage in a real estate transaction with a person.

(b) Discriminate against a person in the terms, conditions, or privileges of a real estate transaction or in the furnishing of facilities or services in connection therewith.

(c) Refuse to receive from a person or transmit to a person a bona fide offer to engage in a real estate transaction.

Bailer argues that she cannot be considered "a person engaging in a real estate transaction" because she did not own Camp Holly and had no authority to vote on its sale. We find this argument disingenuous and accordingly reject it. The Civil Rights Act is remedial and must be liberally construed to effectuate its ends. *Eide v Kelsey-Hayes Co,* 431 Mich 26, 34; 427 NW2d 488 (1988). We see nothing in MCL 37.2502; MSA 3.548(502) that restricts its applicability in the corporate context to only those with an ownership interest in the property or the actual authority to approve a sale. Indeed, this argument makes little sense in the context of the present appeal. Bailer makes the rather specious claim that "she had no more to do with the sale of Camp Holly than a neighbor, friend, or family member who opines about the advisability of the sale of one's home." Not only does this argument directly contradict Bailer's previous assertion that she cannot be considered a third party to the transaction, but it also largely ignores many significant facts. There is evidence on this record that Bailer herself solicited the bids for Camp Holly in her capacity as executive director. Furthermore, Bailer's own appellate brief quotes a provision in the council's bylaws that

specifically charges her with the responsibility of providing advice and assistance to the board of directors and committees. In short, we agree with the trial court that a factual question exists regarding whether Bailer can be considered a person "engaging" in the real estate transaction at issue in this lawsuit. Bailer's motion for summary disposition was properly denied.

Affirmed.