Michigan courts have held that to maintain a cause of action for tortious interference, a plaintiff must establish that defendant was a "third party" to the contract or business relationship. *See Reed v. Michigan Metro Girl Scout Council*, 201 Mich. App. 10, 12 (Mich. Ct. App. 1993).

The district court properly held that, because the franchise agreements gave Little Caesar Enterprises the right, under specified conditions, to approve or disapprove any sale of the franchises, Little Caesar Enterprises was not a "third party" and, consequently, Cook could not maintain a cause of action for tortious interference. *See Cook*, 972 F. Supp. at 414-16. The franchise agreements included language that any proposed sale or transfer of the franchise must be approved by Little Caesar Enterprises. Cook's purchase agreement with Aboujaoude was expressly (and properly) conditioned upon the approval of the transaction by Little Caesar Enterprises.

Little Caesar Enterprises was a party to the contract. Cook cannot establish that Little Caesar Enterprises was a "third party." A cause of action for tortious interference is precluded. *See Reed*, 201 Mich. App. at 12. We therefore do not reach Cook's contention that Little Caesar Enterprises' "means of interference" with this purchase agreement were intentional, improper, and unjustified.

**AFFIRMED.**

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0147P (6th Cir.)
File Name: 00a0147p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————



KEVIN R. COOK and K. COOK ENTERPRISES, INC.
       *Plaintiffs-Appellants,*

       *v.*

LITTLE CAESAR ENTERPRISES, INC.,
       *Defendant-Appellee.*

No. 99-1163

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 95-40234—Paul V. Gadola, District Judge.

Argued:  March 15, 2000

Decided and Filed:  April 24, 2000

Before:  RYAN, MOORE, and FARRIS,[*] Circuit Judges.

_____

[*]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

---

**COUNSEL**

**ARGUED:** Alan D. Penskar, SMITH, HARRIS, GOYETTE, WINTERFIELD, PENSKAR & FERREHI, Flint, Michigan, for Appellants. Irwin Alterman, KEMP, KLEIN, UMPHREY & ENDELMAN, Troy, Michigan, for Appellee. **ON BRIEF:** Alan D. Penskar, SMITH, HARRIS, GOYETTE, WINTERFIELD, PENSKAR & FERREHI, Flint, Michigan, for Appellants. Irwin Alterman, KEMP, KLEIN, UMPHREY & ENDELMAN, Troy, Michigan, for Appellee.

---

**OPINION**

---

JEROME FARRIS, Circuit Judge.  Kevin R. Cook and K. Cook Enterprises, Inc., appeal the district court's summary judgment for defendant Little Caesar Enterprises, Inc., in this diversity action arising from the parties' franchise agreements.  We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

**Background**

Cook is a Little Caesar franchisee with three restaurants in Fresno, California.  Cook's basic contention is that although he was promised (1) "the entire territory 'east of Blackstone in the City of Fresno,'" and (2) that he would "be allowed to exclusively develop locations in the nearby cities of Clovis and Sanger," Little Caesar Enterprises infringed on his territories by franchising additional restaurants and not allowing him to open additional restaurants.  The franchise agreements, however, provide *only* that Little Caesar Enterprises will not locate other Little Caesar restaurants within one mile of Cook's locations.  Each franchise agreement includes an integration clause with respect to any prior agreements or promises.

an element required in every claim based on misrepresentations." *Bonfield*, 708 F. Supp. at 876.

Similarly, the district court noted that reasonable reliance was required for a fraud action under the Indiana Franchise Act.  *See Hardee's of Maumelle, Ark., Inc. v. Hardee's Food Systems, Inc.*, 31 F.3d 573, 579 (7th Cir. 1994).  In *Hardee's*, the franchisee alleged that the franchiser had made misrepresentations about sales estimates and future opportunities which were not included in the written agreement (which included an integration clause).  After a bench trial, the franchisee appealed to the Seventh Circuit.  On appeal, the court held that "it is simply unreasonable to continue to rely on representations after stating in writing that you are not so relying." *Id.* at 576.

It was not error to look to case law interpreting the Illinois and Indiana franchise laws.  We agree that reasonable or justifiable reliance was necessary for a Michigan Franchise Investment Law claim.  The existence of an integration clause in the franchise agreements made Cook's alleged reliance unreasonable, as the district court concluded. *See Cook*, 972 F. Supp. at 412-14.

Cook's claim under Section Five of the Michigan Franchise Investment Law, which prohibits fraudulent acts and statements in franchise contracts, "is basically a contractual fraud claim." *General Aviation, Inc. v. Cessna Aircraft Co.*, 13 F.3d 178, 183 (6th Cir. 1993).  As *General Aviation* concluded, "this argument simply rehashes the breach of contract claim that we have already dismissed." *Id.*

**F. Tortious interference with contractual and advantageous relationships**

Cook contends that the district court erred by granting summary judgment on his tortious interference with contractual and advantageous relationships claim because Little Caesar Enterprises forfeited its status as a party to the sale agreement.  We reject the argument.

fails to create a genuine issue of material fact concerning any bad faith on the part of Little Caesar Enterprises.

Cook argues that he reasonably relied on Little Caesar Enterprises' representations and this reasonable reliance is an element of actionable fraud. Reliance upon oral representations or prior documents, even if false, is unreasonable if the party enters into a subsequent agreement. *See 3 P.M., Inc. v. Basic Four Corp.*, 591 F. Supp. 1350, 1366 (E. D. Mich. 1984) (interpreting Michigan law and holding that a plaintiff may not reasonably rely on prior oral statements that directly contradict the terms of a written contract). Cook's signing the franchise agreements precludes his reasonable reliance on the prior representations.

## D.  Innocent misrepresentation

Cook also contends that the district court erred by granting summary judgment on his innocent misrepresentation claim because the representations addressed present facts. We reject the argument. It finds no support in the record.

## E.  Michigan Franchise Investment Law

Cook contends that the district court erred by granting summary judgment on his Michigan Franchise Investment Law claim because "reasonable reliance" was not required. We reject the argument. Although there is no direct Michigan authority, the district court noted that under the similar Illinois Franchise Act any reliance on an alleged misrepresentation made prior to signing the agreement was found to be not reasonable. *See Bonfield v. AAMCO Transmissions, Inc.*, 708 F. Supp. 867, 876-78 (N. D. Ill. 1989) (superseded by statute on other grounds). In *Bonfield*, a franchisee claimed that he had relied on the franchiser's alleged misrepresentations made prior to signing the franchise agreement, even though he acknowledged the existence of an integration clause. The *Bonfield* court granted summary judgment for the franchiser, finding that, under the anti-fraud section of the Illinois Franchise Act, "justifiable reliance [is]

A threshold issue involves the application of the parole evidence rule to various documents Little Caesar Enterprises provided to Cook prior to his signing the franchise agreements and also oral promises that Little Caesar Enterprises representatives allegedly made. When Cook began investigating franchise opportunities, Little Caesar Enterprises sent him a dear-prospective-franchisee letter and a franchise-offering circular. After meeting with Little Caesar Enterprises real estate representatives, Cook eventually signed a franchise option agreement. Cook alleged that Little Caesar representatives, both orally and in written map outlines, set aside specific territory exclusively for him.

Cook opened his first Little Caesar restaurant in November, 1990, for which he signed a franchise agreement on April 8, 1991. Sometime in January or February of 1992, another franchisee opened a Little Caesar restaurant in Clovis, California, just to the east of Fresno which Cook alleges was part of his exclusive territory. In May of 1992, Cook opened his second Little Caesar restaurant. He signed a franchise agreement for this in July of 1992. In May of 1993, Cook signed the franchise agreement for his third Little Caesar restaurant. He also attended two national franchise conventions where his meetings with Little Caesar Enterprises representatives, in his view, affirmed his expectation of exclusive territories for his restaurants.

In 1994, Cook and Jean Aboujaoude, who is another Fresno-area Little Caesar franchisee, signed a purchase agreement for Cook's three Little Caesar restaurants. Within a month, Little Caesar Enterprises disapproved this purchase agreement, for the alleged reasons that the price was too high and Aboujaoude was not contributing enough capital.

In May of 1996, Cook sought approval from Little Caesar Enterprises to close one of his Little Caesar restaurants. It was losing sales, he alleged, to other Little Caesar franchises. Little Caesar Enterprises rejected Cook's application for closure.

Cook brought this action in district court on July 12, 1995. In a second amended complaint, he alleged seven counts: breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent misrepresentation, violation of the Michigan Franchise Investment Law, tortious interference with contractual and advantageous relationships, innocent misrepresentation, and he sought a declaratory judgment that Little Caesar Enterprises could not deny him the right to permanently close one of his restaurants. The district court granted Little Caesar Enterprises' motion for summary judgment on August 7, 1997.[1] *See Cook v. Little Caesar Enterprises, Inc.*, 972 F. Supp. 400 (E. D. Mich. 1997).[2] The district court entered judgment on January 7, 1999. Cook filed a timely notice of appeal.

## Standard of Review

We review a district court's grant of summary judgment de novo. *See Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 178 (6th Cir. 1996). In contract actions, summary judgment may be appropriate when the documents and evidence underlying the contract are undisputed and there is no question as to intent. *See P. F. Manley v. Plasti-Line, Inc.*, 808 F.2d 468, 471 (6th Cir. 1987) (citation omitted). Normally, however, disputed issues of contractual intent are considered to be factual issues which preclude an award of summary judgment. *See id.* (citations omitted); *see*

---

[1] The district court denied summary judgment for Little Caesar Enterprises on Cook's seventh claim, seeking a declaratory judgment that Little Caesar Enterprises could not deny him the right to permanently close one of his restaurants. *See Cook*, 972 F. Supp. at 416-17. Because the language in the franchise agreement addressing the permanent closure of a restaurant was ambiguous, the district court held, there was a material issue of fact concerning the parties' intent on this claim. *See id.* Cook, however, later dismissed this claim with prejudice "to concentrate on pursuing the damage claims now before this Court." Appellants' Opening Brief at 4. This claim is not part of the present appeal.

[2] In denying Cook's motion for reconsideration, the district court corrected some minor clerical errors concerning case names.

---

## C. Fraudulent misrepresentation

Cook contends that the district court erred by granting summary judgment on his fraudulent misrepresentation claim because the representations addressed present facts. We reject the argument.

To establish fraud, the allegedly false statements must relate to past or existing facts, not to future promises or expectations. *See Two Men and a Truck v. Two Men and a Truck*, 955 F. Supp. 784, 785 n.1 (W. D. Mich. 1997); *Haque Travel Agency, Inc. v. Travel Agents Int'l, Inc.*, 808 F. Supp. 569, 572 (E. D. Mich. 1992). We agree with the district court that *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330 (Mich. 1976), is "strikingly similar to the instant case." *Hi-Way* involved negotiations leading to a franchise agreement, complete with an integration clause. The written agreement made no mention of some key elements of the prior negotiations. *See id.* at 333-35. In *Hi-Way*, the court held there was no fraudulent misrepresentation because "an action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact. Future promises are contractual and do not constitute fraud." *Id.* at 336.

The district court properly concluded that Little Caesar Enterprises representatives' allegedly false statements referred to events which might happen in the future and not to past or present facts. *See Cook*, 972 F. Supp. at 410-11. Cook's amended complaint and opening brief on appeal support the conclusion that he is complaining about future promises. The allegations and contentions all concern alleged representations about future events.

Cook also argues that the district court erred by dismissing out-of-hand the "bad faith" exception to the "past or present fact requirement" of the fraudulent misrepresentation doctrine. *See Hi-Way*, 398 Mich. at 337-38 ("a fraudulent misrepresentation may be based upon a promise made in bad faith without intention of performance"). Cook, however,

*See General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1041 (6th Cir. 1990) (construing Michigan law). In the franchise agreements, Little Caesar Enterprises reserved the right to grant licenses to others subject only to Cook's "exclusive territory," which, by the terms of the franchise agreement, was a one-mile exclusive territory. This limitation was an express term of the franchise agreements and as such, under Michigan law, the implied covenant of good faith and fair dealing cannot be employed to override it.  *See id.*

Cook could not employ the implied covenant of good faith and fair dealing to override the express term of the franchise agreements which allowed Little Caesar Enterprises to license franchises outside of Cook's one-mile exclusive territories. The district court did not err.  *See Cook*, 972 F. Supp. at 409-10.

Cook specifically contends that to the extent that Little Caesar Enterprises made the manner of its performance a matter of its own discretion, the implied covenant would apply. *See Burkhardt v. City Nat'l Bank of Detroit*, 57 Mich. App. 649, 652 (Mich. Ct. App. 1975) ("Where a party to a contract makes the manner of its performance a matter of its own discretion, the law does not hesitate to imply the proviso that such discretion be exercised honestly and in good faith."). Cook argues that Little Caesar Enterprises had discretion in three ways because: (1) the franchise agreements are silent as to where Little Caesar Enterprises can locate franchises outside of the one-mile radius of Cook's restaurants, (2) the franchise option agreement referred to an "approximate" one mile radius, and (3) the dear-prospective-franchisee letter promised to allocate one restaurant for a minimum of 15,000 population.  It does not follow that, because the franchise agreements prohibit Little Caesar Enterprises from locating other franchises within the one-mile radius, Little Caesar Enterprises cannot place other franchises outside this radius even though it did not expressly reserve the right to do so. The parole evidence rule bars consideration of matters not incorporated into the written agreement.

*also Parrett v. American Ship Building Co.*, 990 F.2d 854, 858 (6th Cir. 1993) (noting that the interpretation of ambiguous contract language is usually a factual issue turning on the intent of the parties).

## Discussion

### A.  Breach of contract

Cook contends that the district court erred by granting summary judgment on his breach of contract claim because, since there are material issues of fact regarding the meaning of the franchise agreements, the court must consider parole evidence and look to the parties' intent.  We reject the argument.

Michigan follows the parole evidence rule which does not permit extrinsic evidence to be used to contradict the terms of a written contract that was intended to be the final and complete expression of the parties' agreement.[3]  *See American Anodco, Inc. v. Reynolds Metals Co.,* 743 F.2d 417, 422 (6th Cir. 1984).  The court must first find, however, "that the parties intended the written instrument to be a complete expression of their agreement as to the matters covered. Extrinsic evidence of prior or contemporaneous agreements or negotiations is admissible as it bears on this threshold question of whether the written instrument is such an 'integrated' agreement." *NAG Enters., Inc. v. All State Indus., Inc.*, 407 Mich. 407, 410 (Mich. 1979) (per curiam). Recently, the Michigan Court of Appeal has held "that when the parties include an integration clause in their written contract, it is conclusive and parole evidence is not admissible to show that the agreement is not integrated except in cases of fraud that invalidate the integration clause or where an agreement is obviously incomplete 'on its face' and,

---

[3]As noted by the district court, Michigan law permits parties to choose which state's law will govern their contract and, here, the franchise agreements provide that Michigan law should govern.  *See Cook*, 972 F. Supp. at 406.

therefore, parole evidence is necessary for the 'filling of gaps.'" *UAW-GM Human Resources Ctr. v. KSL Recreation Corp*, 228 Mich. App. 486, 502 (Mich. Ct. App. 1998) (quoting 3 Corbin, Contracts, § 578, p. 411).

The record supports the conclusion that the franchise agreements were intended to be complete expressions of the parties' agreements and they are not ambiguous. *See Cook*, 972 F. Supp at 408. Each franchise agreement: (1) provided Cook with only an exclusive territory of the geographical area within a one-mile radius of each restaurant, and (2) included an integration clause and acknowledgment by Cook that he had no knowledge of any representations by Little Caesar representatives that are contrary to the terms of the agreement. Cook could not use parole evidence to elude the clear provisions of the franchise agreements.

Cook's bare allegation that he was promised "the entire territory 'east of Blackstone in the City of Fresno,'" is insufficient to create a genuine issue of material fact since the plain language of the franchise agreements specifically provides otherwise. Cook's allegation is based entirely on documents received prior to his signing the first franchise agreement and oral representations allegedly made by Little Caesar representatives prior to and after his signing of the first franchise agreement.[4] The franchise agreements provide only that Little Caesar Enterprises will not establish other Little Caesar restaurants within one mile of Cook's locations. Each agreement also includes an integration clause with respect to any prior agreements or promises, indicating that the parties intended the written franchise agreements to be complete expressions of their agreements. *See NAG*, 407 Mich. at 410. There is no evidence of fraud or that the agreements are incomplete. *See UAW-GM*, 228 Mich. App. at 502.

---

[4]Unlike the alleged prior representations, the franchise agreements do *not* provide that: (1) territories would have a minimum of 15,000 population, (2) Cook would have an exclusive territory east of Blackstone, or (3) Cook would have future options to open restaurants in Clovis and Sanger.

Cook's contention that the trial court is bound by a previous decision in *Eberhardt v. Comerica Bank*, 71 B. R. 239 (E. D. Mich. 1994), is of no consequence. In *Eberhardt*, the court held that the presence of an integration clause was not conclusive "when the contract is a pre-printed form drawn by a sophisticated seller, and presented to the buyer without any negotiations." *Eberhardt*, 71 B. R. at 243. There, the court looked to all writings and oral statements to ascertain the parties' intentions. *See id.* at 243-44. *Eberhardt*, however, involved a situation where *both parties* agreed that the pre-printed term was not consistent with the essence of the contract. A non-party creditor sought to enforce the provision of the contract. *See id.* The distinction is pivotal.

Cook's further contention that the district court erred by basing its decision on the "officer approval" requirement of *Kovacs v. Electronic Data Sys. Corp.*, 762 F. Supp. 161 (E. D. Mich. 1990), is without merit. The contract at issue in *Kovacs* included language that required approval of an EDS officer to modify the contract. *See id.* at 164. Cook's franchise agreements include language that any change or modification must be "in writing and signed by both parties to this Agreement."[5]

## B. Breach of implied covenant of good faith and fair dealing

Cook contends that the district court erred by granting summary judgment on his breach of implied covenant of good faith and fair dealing claim because Little Caesar Enterprises undertook discretionary actions which injured Cook. We reject the argument.

The obligation of good faith cannot be employed, in interpreting a contract, to override express contract terms.

---

[5]In arguing that "the District Court erred by confusing *Morley Bros.* with *Kovacs*," Appellants' Opening Brief at 25, Cook ignores the district court's acknowledgment of this error, and its correction, in the denial of Cook's motion for reconsideration.