# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3539

_____

Leonard Prentice,                   *

                                 *

        Appellant,          *

                                 *   Appeal from the United States

    v.                       *   District Court for the

                                 *   District of Minnesota.

Pizza Hut of America, Inc.,    *

                                 *   [UNPUBLISHED]

        Appellee.         *

_____

Submitted: June 3, 2003
Filed: June 6, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Leonard Prentice, who is African American, appeals following the district court's[1] adverse grant of summary judgment on his race-discrimination claims against his former employer, Pizza Hut of America, Inc. (Pizza Hut). For reversal, Prentice argues that the district court erred in granting summary judgment to Pizza Hut. He also argues the court should have compelled production of documents, disclosure of a witness's address and telephone number, and depositions; granted his motion for

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

sanctions; treated his motion to extend discovery as a Federal Rule of Civil Procedure 56(f) motion; and allowed the new claims in his amended complaint. After careful review of the record, we affirm.

We conclude that the district court's decision not to compel discovery was not an abuse of discretion: Pizza Hut represented that it had produced the documents at issue and had provided Prentice with the name of the witness's employer, and Prentice did not request depositions until after the close of discovery and after the deadline for filing nondispositive motions. See Toghiyany v. AmeriGas Propane, Inc., 309 F.3d 1088, 1093 (8th Cir. 2002); Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001). We also conclude that the denial of Prentice's motion for sanctions was not an abuse of discretion. See Lawrence v. Bowersox, 297 F.3d 727, 734 (8th Cir. 2002) (standard of review).

We find no abuse of discretion in the denial of a discovery extension or the failure to treat the extension request as a Rule 56(f) motion. Prentice waited until after the close of discovery to move for an extension, and he failed to state with particularity what facts he expected further discovery would reveal as required by Rule 56(f). See Stanbeck v. Best Diversified Prods., Inc., 180 F.3d 903, 910-11 (8th Cir. 1999); Lyoch v. Anheuser-Busch Co., 139 F.3d 612, 616 (8th Cir. 1998), cert. denied, 532 U.S. 921 (2001). Further, we conclude that the grant of summary judgment was proper because Prentice offered no evidence that Pizza Hut's legitimate, nondiscriminatory reason for his discharge--poor work performance--was a pretext for discrimination. See Burkett v. Glickman, 327 F.3d 658, 661 (8th Cir. 2003).

Finally, we conclude that the district court did not abuse its discretion in disallowing the new claims in Prentice's amended complaint, as he did not obtain the court's permission or Pizza Hut's consent to add new claims. See Fed. R. Civ. P.

15(a); cf. Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (denial of motion to amend is reviewed for abuse of discretion).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.