# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 13, 2007

131607

JASON BAKER,
        Plaintiff-Appellee,

v

MICHAEL COUCHMAN,
        Defendant-Appellant,

and

PINCKNEY COMMUNITY SCHOOLS,
        Defendant.

_____/

Clifford W. Taylor,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
*Justices*

SC: 131607
COA: 264914
Livingston CC: 04-020847-CD

On March 7, 2007, the Court heard oral argument on the application for leave to appeal the May 30, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals for the reasons stated in Court of Appeals Judge O'Connell's partial dissent, and we REMAND this case to the Livingston Circuit Court for entry of summary disposition in favor of the defendant superintendent pursuant to MCR 2.116(C)(7).

TAYLOR, C.J., concurs with the reversal of the Court of Appeals judgment and states as follows:

I agree with reversal of the Court of Appeals judgment because the defendant superintendent is entitled to absolute governmental immunity from suit under MCL 691.1407(5) ("A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.")

KELLY and YOUNG, JJ., join the statement of TAYLOR, C.J.

MARKMAN, J., concurs and states as follows:

I fully concur in the decision to reverse the judgment of the Court of Appeals and to remand the case for entry of an order dismissing plaintiff's claim. I would do so on the ground that plaintiff has failed to state a claim. To state a claim for tortious interference with a business relationship, a plaintiff must allege tortious interference by a third party. See *Reed v Michigan Metro Girl Scout Council*, 201 Mich App 10, 13 (1993); *Dzierwa v Michigan Oil Co*, 152 Mich App 281, 287-288 (1986). Here, defendant is not a third party to the business relationship at issue--plaintiff's employment as the school resource officer for Pinckney Community Schools. See *Baker v Couchman*, 271 Mich App 174, 193 n 3, 199-200 (2006) (O'Connell, J., concurring in part and dissenting in part). Accordingly, plaintiff has failed to state a claim upon which relief can be granted and dismissal is appropriate.

YOUNG, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 13, 2007

Clerk

p0410