# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2440

_____

Fern K. Richmond,

              Appellant,

      v.

Continental Casualty Company;
Continental Assurance Company;
CNA Group Life Assurance
Company, also known as Hartford
Life Group Insurance Company;
Baxter Healthcare Corporation,

              Appellees.

\* Appeal from the United States
\* District Court for the Western
\* District of Arkansas.

\* [UNPUBLISHED]

_____

Submitted: June 11, 2007
Filed: June 20, 2007

_____

Before BYE, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Fern Richmond appeals the district court's[1] dismissal of her Employee Retirement Income Security Act of 1974 (ERISA) lawsuit, in which she challenged the decision of CNA Group Life Assurance Company (CNA) to discontinue her long-

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

term disability benefits (LTD) provided under an employer-sponsored benefit plan.[2] We affirm the judgment of the district court.

Richmond argues the district court erred in applying the deferential abuse-of-discretion standard of review, a question we review de novo. See Farley v. Ark. Blue Cross & Blue Shield, 147 F.3d 774, 776 (8th Cir. 1998) (stating standard of review). Abuse-of-discretion review is appropriate where "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Richmond concedes the benefit plan at issue gives CNA such discretion but argues less deference is due because CNA both funded the insurance benefit and administered the claim, creating a financial conflict of interest.

We have applied a less deferential standard of review where an ERISA plaintiff "presents probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to her." Woo v. Deluxe Corp., 144 F.3d 1157, 1160-61 (8th Cir. 1998). While CNA's dual role may be "palpable evidence of a conflict of interest," Torres v. UNUM Life Ins. Co. of Am., 405 F.3d 670, 678 (8th Cir. 2005), Richmond fails to point to *any* evidence CNA's conflict caused a serious breach of its

---

[2]Baxter Healthcare Corporation (Baxter) was Richmond's employer and the employer-sponsor of CNA's plan. Because CNA was the sole administrator of the plan at all relevant times, and Baxter had no role in the discontinuation decision, Baxter was never a proper defendant. See Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998) (affirming grant of summary judgment in favor of employer in ERISA action where CNA was sole administrator of the LTD plan at all relevant times). The remainder of the named defendants had nothing to do with the discontinuation of Richmond's benefits. Thus, we affirm the dismissal of the claims against all of the named defendants except CNA without further comment.

fiduciary duty to her. Thus, the district court correctly applied the abuse-of-discretion standard of review.[3]

Richmond argues she is entitled to benefits even under the abuse-of-discretion standard of review. Under this standard, we must affirm if a reasonable person could have reached a similar decision, given the evidence before him. See Wise v. Kind & Knox Gelatin, Inc., 429 F.3d 1188, 1190 (8th Cir. 2005). CNA found Richmond's ankle and back injuries were not so severe as to prohibit gainful employment.[4] While the record shows the physician who treated Richmond's back injury indicated she could not do her old job, Richmond stopped seeing the back specialist and reported taking no medication for back pain. No physician indicated her back injury precluded sedentary work. The physician who treated Richmond's ankle cleared her for seated work and deferred any assessment of her back to other physicians. Thus, we conclude CNA's discontinuation decision was supported by substantial evidence.

Accordingly, we affirm.

_____

_____

[3]Richmond contends she was at a disadvantage in proving CNA's dual role caused a serious breach of its fiduciary duty to her because "there were pending discovery requests that were not allowed by" the district court. Appellant's Br. 42. As Richmond's notice of appeal does not reference the order in which the district court denied her motion to compel responses to those "pending" discovery requests, we are without jurisdiction to review her contention. See Berdella v. Delo, 972 F.2d 204, 208 (8th Cir. 1992) (holding jurisdiction lacking where appellant failed to reference challenged order in his notice of appeal in violation of Fed. R. App. P. 3(c)). Even if we were to construe the dismissal order Richmond appealed as a reaffirmation of the denial of her motion to compel, Richmond has failed to make the requisite showing for reversal. Toghiyany v. AmeriGas Propane, Inc., 309 F.3d 1088, 1093 (8th Cir. 2002) (stating standard of review is gross abuse of discretion).

[4]Under the benefit plan at issue, once the LTD benefit has been payable for twelve months, further payments require a disability which prevents the claimant from engaging in any occupation for which she is qualified.