*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERICE BAIYEWU,

Plaintiff-Appellant,

v

SUSAN RADZIEWICZ,

Defendant,

and

TRIFOUND HOLDINGS, LLC,

Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 358857
Kalamazoo Circuit Court
LC No. 2020-000200-NZ

Before: SAWYER, P.J., and MARKEY and SWARTZLE JJ.

PER CURIAM.

Plaintiff had an oral lease agreement with TriFound Holdings, LLC, to operate her massage-therapy business out of its building. After several years, TriFound informed plaintiff that she could no longer use its building as her place of business. Plaintiff was then locked out of the building, and away from her business equipment that was stored inside, for two days. Plaintiff testified that she was sleepless and had delusional episodes that hospitalized her because she was locked out of her business. She also testified that she lost many clients as a result of her hospitalization. Plaintiff sued under breach of contract, tortious interference with a business relationship, and intentional infliction of emotional distress. The trial court granted TriFound summary disposition under MCR 2.116 (C)(8) and (C)(10).

Plaintiff now appeals, and for the reasons described below, we affirm.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586

-1-

NW2d 103 (1998) (citation omitted). When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Plaintiff first argues that the trial court erred by granting TriFound summary disposition on her claim for breach of contract. "[A] party claiming a breach must establish (1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Doe v Henry Ford Health Sys*, 308 Mich App 592, 601; 865 NW2d 915 (2014). "[D]amages must not be conjectural or speculative in their nature, or dependent upon the chances of business or other contingencies." *Doe v Henry Ford Health Sys*, 308 Mich App 592, 602; 865 NW2d 915 (2014). "The damages recoverable are those damages that arise naturally from the breach, or which can reasonably be said to have been in contemplation of the parties at the time the contract was made." *Kewin v Massachuesetts Mut Life Ins Co*, 409 Mich 401, 419; 395 NW2d 50 (1980). "Absent proof of such contemplation, the damages recoverable do not include compensation for mental anguish." *Id*.

There is no dispute that the parties had entered into a month-to-month tenancy, and that TriFound informed plaintiff that her lease was terminated less than 30 days before plaintiff was locked out. "Michigan has codified the common-law rule that a month-month tenancy, under an oral lease, requires a minimum of thirty days' notice of termination of either party." *Feister v Bosack*, 198 Mich App 19, 26; 497 NW2d 522 (1993); see MCL 554.134(1). Plaintiff mitigated the damages from the breach, however, by finding a new location and opening her business for clients within two days of being locked out of TriFound's building. Plaintiff did not substantiate that she lost clients because of the breach of the lease, but rather the breach of the lease caused her to be hospitalized, which in turn caused her to lose business when clients had to cancel their appointments. There is no evidence to substantiate that plaintiff's mental anguish, causing a hospitalization, was contemplated in their oral lease agreement. Thus, plaintiff's damages are not recoverable because those damages were not reasonably contemplated by the parties at the time the contract was formed.

Next, plaintiff argues that the trial court erred by granting TriFound summary disposition regarding her claim for intentional infliction of emotional distress. For her claim, plaintiff is required to show that TriFound's (1) extreme and outrageous conduct, (2) intentionally or recklessly, (3) caused (4) the severe emotional distress. *Hayley v Allstate Ins Co*, 262 Mich App 571, 577; 686 NW2d 273 (2004). Liability from intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Doe v Mills*, 212 Mich App 73, 91; 536 NW2d 824 (1995).

This Court has recently stated that a plaintiff "effectively abandoned her allegation" when she did not cite any legal authority for her theory of a defendant's liability for intentional infliction of emotional distress. *Swain v Morse*, 332 Mich App 510, 535; 957 NW2d 396 (2020). Similarly, in this case, plaintiff cites no legal authority for her assertion that a sudden breach of contract that led to plaintiff being locked out of her office rises to the level of extreme and outrageous behavior necessary to establish a prima facie case of intentional infliction of emotional distress. Although TriFound may have breached its contract with plaintiff, the actions were more akin to "insults,

indignities, threats, annoyances, petty oppressions, or other trivialities." Furthermore, the evidence does not substantiate that TriFound intended to, or recklessly caused, plaintiff's severe emotional distress.

Lastly, plaintiff argues that the trial court erred in granting summary disposition on her claim for tortious interference. In Michigan, tortious interference with a business relationship and tortious interference with a contract are separate claims. *Knight Enterprises, Inc v RPF Oil Co*, 299 Mich App 275, 279; 829 NW2d 345 (2013). As stated in *Knight*, "[t]he elements of tortious interference with a contract are (1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Id.* at 280. "To maintain a cause of action for tortious interference, the plaintiffs must establish that the defendant was a 'third party' to the contract or business relationship." *Reed v Michigan Metro Girl Scout Council*, 201 Mich App 10, 13; 506 NW2d 231 (1993) (cleaned up).

There is no allegation that TriFound, or Radziewicz as an employee of TriFound, was a third party to the contract or business relationship. TriFound cannot be held liable for toritously interfering with its own contract, and, therefore, plaintiff failed to state a claim on which relief could be granted.

Affirmed. TriFound, as the prevailing party, may tax its costs. MCR 7.219(A).

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle